IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HENRY G. CARTER, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO. 07-418 (JJF) |
| | ) | |
| INDEPENDENT PRODUCTIONS, INC., | ) | JURY OF TWELVE DEMANDED |
| a Pennsylvania corporation, and | ) | |
| GEORGE THOROGOOD & THE | ) | |
| DESTROYERS, INC., a Pennsylvania | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S**
**ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

Plaintiff/Counterclaim-Defendant, Henry G. Carter ("Carter") by and through his attorneys, and for his Answer to Counterclaim of Defendant/Counterclaim-Plaintiffs, Independent Productions, Inc. and George Thorogood & The Destroyers, Inc. (collectively "Defendants"), responds as follows:

Introduction

1. Admitted that Defendants Independent Productions, Inc. (IPI), and George Thorogood & The Destroyers, Inc. (GTDI), (collectively Defendants) purport to seek a declaratory judgment but denied that they are entitled to the relief requested.

Parties

2. Admitted.

3. Upon information and belief, Carter admits that IPI and GTDI are Pennsylvania corporations. Carter is without information to respond to the remaining allegations and therefore, denies them.

General Allegations

4. Admitted.

5. Admitted that, beginning on or about May 21, 1982, Carter's relationship with Independent Productions, Inc. was governed, in part, by the Employment Agreement. Admitted that a copy of the Employment Agreement is attached to Defendants' Answer and Counterclaim and that the Employment Agreement speaks for itself. Except as expressly admitted, the remaining averments in this paragraph are denied.

6. The averments in this paragraph state a legal conclusion therefore no answer is required. To the extent that an answer is required, the averments in this paragraph are denied. By way of further response, the Employment Agreement speaks for itself.

7. Denied that Carter received compensation from Defendants solely as a salaried employee, pursuant to the Employment Agreement. As pled in the Complaint, Carter held and holds an equity stake in IPI and shares in, *inter alia*, royalty revenue from recordings released by IPI. By way of further response, Carter held such an equity interest and received such royalty payments prior to May 21, 1982. Except as expressly admitted, the remaining averments in this paragraph are denied.

8. The averments in this paragraph state a legal conclusion therefore no answer is required. To the extent that an answer is required, the averments in this paragraph are denied. By way of further response, the Employment Agreement speaks for itself.

9. Admitted that, in or about March 2003, Carter was released from his duties as the saxophonist of the band, George Thorogood & The Destroyers. Denied that, in or about March 2003, Carter was terminated as an employee of Independent Productions, Inc. Except as expressly admitted, the remaining averments in this paragraph are denied.

10. Admitted that Independent Productions, Inc. made payments to Carter after he was released from his duties as the saxophonist of the band, George Thorogood and The Destroyers. Denied that payments made to Carter were voluntary or that they were adequate as more fully set forth in the Complaint which is incorporated herein by reference. Denied that all such payments were paid to Carter as a W-2 employee, with proper withholding. Except as expressly admitted, the remaining averments in this paragraph are denied.

11. The averments in this paragraph state a legal conclusion therefore no answer is required. To the extent that an answer is required, the averments in this paragraph are denied.

### FIRST AFFIRMATIVE DEFENSE

Defendants' counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' counterclaim is barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Defendants' counterclaim is barred by the doctrine of acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' counterclaim is barred by the doctrine of unclean hands.

WHEREFORE, Carter respectfully requests that Defendants' Counterclaim be dismissed, and that Carter be awarded costs, including reasonable attorneys' fees, and that Carter be granted such relief as is just and proper.

**CONNOLLY BOVE LODGE & HUTZ LLP**

 **/s/ James D. Heisman**
Charles J. Durante (# 800)
James D. Heisman (# 2746)
Josiah R. Wolcott (# 4796)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Henry G. Carter*

Dated:  March 3, 2008

## **CERTIFICATE OF SERVICE**

I, James D. Heisman, hereby certify that on this 3rd day of March, 2008, I caused a true and correct copy of foregoing **Answer to Counterclaim and Affirmative Defenses** to be served upon the following individuals in the manner indicated below:

*Via email & CM/ECF*
Richard I.G. Jones, Jr., Esq.
Ashby & Geddes
500 Delaware Ave., 8th Floor
P. O. Box 1150
Wilmington, DE 19899
rjones@ashby-geddes.com

*Via email & CM/ECF*
Gordon P. Katz, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
gordon.katz@hklaw.com

       **/s/ James D. Heisman**
          James D. Heisman (# 2746)